UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

CASE NO.: 6:22-CV-1418

MIGUEL ROBLES,

    Plaintiff,

vs.

CAMP NORAT INC D/B/A MATT'S
LATIN BBQ AND
MIGUEL A. NORAT, JR.,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Miguel Robles, sues Defendants, Camp Norat Inc d/b/a Matt's Latin BBQ and Miguel A. Norat, Jr., as follows:

### Parties, Jurisdiction, and Venue

1.    **Plaintiff, Miguel Robles**, is over 18 years old and has been a *sui juris* resident of Orange County, Florida, at all times material.

2.    Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

1

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Camp Norat Inc d/b/a Matt's Latin BBQ,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Orange County, Florida, at all times material, where it maintains its principal place of business.

6. **Defendant, Miguel A. Norat, Jr.,** was and is an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. Defendant, Miguel A. Norat, Jr., ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Orange County, and because most if not all of the operational decisions were made in this District.

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

9. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

10. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### Background Facts

11. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

12. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

13. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, seafood, beverages, beers, wines, and/or alcoholic beverages, and products that have moved through interstate commerce.

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

14. In particular, Defendants own and operate a restaurants while using paper, furniture, phone systems, machinery, appliances, telephones, computers, computer networking equipment, computer software, telephones, telephone equipment, food, produce, ovens, etc., goods and materials that also have moved through interstate commerce, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

15. Defendants cooked, prepared, and stored perishables and sold beer, wine, and/or alcoholic beverages, while using machinery, appliances, ovens, ovens, refrigerators, and materials that also have moved through interstate commerce.

16. Defendants also engage in e-commerce through the internet on their website, https://www.mattslatinbbq.com/, hosted by GoDaddy.com, LLC, a foreign corporation, on which website where they accept orders and payments for food orders.

17. Defendants engage in interstate commerce during their submission of billings and receipt of payment involving out-of-state vendors.

18. Defendant's corporate annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

period and/or exceeded $125,000.00 for each relevant fiscal quarter.

19. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

20. Plaintiff was a non-exempt employee of Defendants.

21. Plaintiff consents to participate in this lawsuit.

22. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

23. Plaintiff worked for Defendants from approximately 2020 to June 18, 2022.

24. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

25. Plaintiff's work for Defendants was in, or so closely related to, the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his regularly and routinely cooking, handling, and serving food and produce that traveled through interstate commerce.

26. Plaintiff also regularly and routinely received shipments of food, produce, and restaurant supplies that traveled in interstate commerce.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

27. Defendants paid plaintiff at a rate of $12.50/hour for each hour worked.

28. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

29. Defendants would instruct Plaintiff to clock out for the day, but to continue working for them, so as to not pay him for the overtime that he worked.

## Liability

30. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of Plaintiff's regular hourly rate of pay for all hours worked over 40 hours in each workweek.

31. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time.

32. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff

6

the overtime pay earned.

33. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

34. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

35. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Miguel Robles, demands the entry of a judgment in her favor and against Defendants, Camp Norat Inc d/b/a Matt's Latin BBQ and Miguel A. Norat, Jr., jointly and severally after trial by jury and as follows:

   a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

7

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Miguel Robles, demands a trial by jury of all issues so triable.

Respectfully submitted this 10th day of August 2022,

                                          s/Brian H. Pollock, Esq.
                                          Brian H. Pollock, Esq.
                                          Fla. Bar No. 174742
                                          brian@fairlawattorney.com
                                          FAIRLAW FIRM
                                          135 San Lorenzo Avenue
                                          Suite 770
                                          Coral Gables, FL 33146
                                          Tel:   305.230.4884
                                          *Counsel for Plaintiff*

8

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*