UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MIGUEL ROBLES,

    Plaintiff,

vs.                                                  CASE NO.: 6:22-cv-1418-PGB-LHP

CAMP NORAT INC D/B/A
MATT'S LATIN BBQ AND
MIGUEL A. NORAT, JR.,

    Defendants.
_____/

**JOINT MOTION AND MEMORANDUM OF LAW FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff, Miguel Robles, and Defendants, Camp Norat Inc d/b/a Matt's Latin BBQ and Miguel A. Norat, Jr. ("Defendants"), hereby file this Joint Motion and Memorandum of Law for Approval of Settlement Agreement and Dismissal with Prejudice, requesting that this Court approve the Parties' settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim. The good cause warranting approval is as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

1.    On August 10, 2022, Plaintiff filed his Complaint asserting claims against Defendants for unpaid overtime wages under FLSA. (Doc. No. 1.)

2. On September 6, 2022, Defendants filed their Answer and Defenses (Doc. 11), which were subsequently amended on October 4, 2022 (Doc. 17), denying Plaintiff's allegations of unlawful conduct and denied all liability.

3. Thereafter, the Parties complied with the Court's September 12, 2022 Scheduling Order requiring the exchange of documents and the Plaintiff's completion of Court-ordered interrogatories (Doc. 21) and engaged in on-going settlement discussions during this process.

4. Based upon the information exchanged between the Parties, the settlement negotiations, and to avoid the costs and uncertainty of litigation, the Parties reached a settlement agreement after several rounds of negotiations and filed a Notice of Settlement with this Court on January 10, 2023. (Doc. 32.)

5. Plaintiff and Defendants hereby request approval of the Parties' Settlement Agreement. A true and correct copy of the Parties Settlement Agreement is attached hereto as Exhibit "A".

6. Pursuant to *Lynn's Food Stores, Inc., v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for overtime compensation under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor. If the parties in a lawsuit have reached a settlement agreement, the Court must scrutinize it for fairness, and the Court must conclude that the settlement constitutes a "fair and reasonable resolution of a bona fide dispute over FLSA provisions" before closing

the case. *Id.* at 1353, 1355. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354

7. Defendants contend that Plaintiff did not work the claimed hours and that he was lawfully paid for every hour her worked. In this regard, Camp Norat, Inc.'s time and payroll records demonstrate that Plaintiff was paid for all hours worked while working for Camp Norat, Inc. Defendant's position, therefore, is that Plaintiff is not entitled to any back pay. Although Plaintiff initially believed he worked 20 overtime hours per week, after a thorough review of his time and pay records, Plaintiff agreed to a settlement reflecting a reduced number of hours. Indeed, Plaintiff realized he would have significant difficulty proving the work claimed considering the breadth of Camp Norat, Inc.'s time and pay-keeping records.

8, Based upon the negotiations between the Parties, , Plaintiff agreed to the total amount of $500.00 ($250.00 in satisfaction of his unpaid overtime wages, plus an equal amount of $250.00 as liquidated damages). In light of the above, both Parties agree that the settlement is a reasonable compromise of the alleged claims of Plaintiff.

9. Pursuant to the terms of the Settlement Agreement, Plaintiff's counsel will receive $3,000.00, representing attorneys' fees and costs. Plaintiff's attorneys'

3

fees and costs were negotiated completely separately from Plaintiff's settlement and did not bear any weight on the amounts received by Plaintiff. As such, no judicial review is necessary. *See Bonetti v. Embarq Mgmt. Co.*, No. 6:07-cv-1335-Orl-31GKJ, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009).

10. The fact that the Plaintiff is represented by counsel adds further support to the conclusion that the compromise the Parties reached is reasonable. *See Fernandez v. A-1 Duran Roofing, Inc.*, No. 12-cv-20757, 2013 WL 684736 (S.D. Fla. Feb. 25, 2013) (noting that fairness concerns articulated by *Lynn's Food* are not implicated in settlement of FLSA lawsuit brought by employee represented by counsel) (citing *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012)).

11. Plaintiff and Defendants contend and stipulate that in light of the issues in dispute, the amount received by Plaintiff constitutes a fair and reasonable compromise of disputed claims, and they respectfully submit that their settlement should be approved by the Court. Had the case proceeded through additional discovery, dispositive motions, and, if applicable, trial, it is possible that Plaintiff would have received less, if anything, in damages. Thus, the Parties contend and stipulate that their settlement advances judicial economy.

12. Accordingly, the Parties respectfully request that the Court review and approve the Parties' Settlement Agreement.

13. The Parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Parties' Settlement Agreement.

## **MEMORANDUM OF LAW**

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's* , 679 F. 2d at 1353-54.

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977)[1], Courts are to consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of the plaintiffs' success on the merits;

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. As *Brennan* has not been overturned or otherwise eroded by the Eleventh Circuit, it is the law by which its district courts must abide.

5

    (5)    the range of possible recovery; and
    (6)    the opinions of counsel.

*Morgan v. Public Storage*, 301 F. Supp. 3d 1237 (11th Cir. 2016).

    **(1)**    ***There Was No Fraud or Collusion.***

In this case, there was no fraud or collusion, as both Parties were represented by counsel experienced in FLSA claims, nor is there any contention of same by either Party.

    **(2)**    ***The Complexity, Expense, and Length of Litigation Support Early Resolution.***

The complexity, expense, and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would be required for both sides to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and likely exceed any damages Plaintiff could hope to recover in this action. The proposed settlement minimizes such costs, preserving the Court's and each Parties' resources.

    **(3)**    ***The Parties Resolved this Case at the Appropriate Stage.***

Before resolving this case, the Parties exchanged sufficient information that enabled them to consult with their counsels and make decisions about whether to continue litigating or to resolve this case. The Parties exchanged time and pay records, which they independently analyzed. Based on this analysis, the Parties decided to resolve this matter.

**(4)** *The Probability of Success on the Merits Supports Settlement.*

The Parties disagree about the merits of Plaintiff's claim(s) and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. Accordingly, Plaintiff's probability of success on the merits, and the uncertainty that he would be awarded any amount – let alone an amount greater than what the settlement provides – further supports the validity, reasonableness, and fairness of the settlement at issue.

**(5)** *The Range of Possible Recovery Supports Approval.*

The Parties' settlement takes into account the validity of Plaintiff's claims, the defenses thereto, and the length of time it would take for Plaintiff to actually recover a final judgment against Defendants.

**(6)** *Counsel Agree That The Settlement Is Fair.*

Considering the facts of this case, including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved, the Parties agree that the proposed settlement reached by the Parties and reflected in Exhibit "A" represents a fair and reasonable compromise of Plaintiff's claims. Plaintiff's counsel's fees are reasonable given the time expended, the rates of Plaintiff's counsel, and the potential for protracted litigation. Plaintiff's counsel actually compromised the attorneys' fees incurred in order to resolve this case at this juncture.

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not adversely affected by the amount of attorneys' fees paid to counsel, Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA action with prejudice, with each Party to bear its own costs, fees and expenses (except as otherwise set forth in the Parties' Settlement Agreement). The Parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement.

Dated this 27th day of January 2023.

| By:/s/ | By:/s/ |
|---|---|
| Toussaint Cummings | Aaron L. Zandy |
| Florida Bar No. 119877 | Florida Bar No. 0125271 |
| Email: toussaint@fairlawattorney.com | Email: azandy@fordharrison.com |
| Brian H. Pollock | Bret C. Yaw |
| Florida Bar No. 174742 | Florida Bar No. 100445 |
| Email: brian@fairlawattorney.com | Email: byaw@fordharrison.com |
| | |
| FAIRLAW FIRM | FORD HARRISON LLP |
| 135 San Lorenzo Ave., Suite 770 | 300 South Orange Ave., Ste. 1300 |
| Coral Gables, Florida 33146 | Orlando, FL  32801 |
| 305-230-4884  Telephone | 407-418-2300  Telephone |
| 305-230-4884  Facsimile | 407-418-2327  Facsimile |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

/