# SETTLEMENT AGREEMENT

1. This Settlement Agreement ("Agreement") is entered into by and between Miguel Robles ("Robles") and Camp Norat, Inc. and Miguel A. Norat, Jr. (collectively, "Defendants"), with each party intending to be bound by the terms and conditions of this Agreement. For purposes of this Agreement, Robles and Defendants are collectively referred to as the "Parties." For purposes of this Agreement, Camp Norat includes Camp Norat's parents, subsidiaries, divisions, affiliates, stockholders, predecessors, successors, assigns, agents, directors, insurers, and officers.

2. <u>Non-Admission</u>.  This Agreement does not constitute an admission by Defendants of any violation of any law or statute, and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3. <u>Litigation</u>.  Robles filed a lawsuit against Defendants in the United States District Court, Middle District of Florida, Orlando Division (Case No.: 6:22:CV-1418-PGB-LHP), alleging violations of the Fair Labor Standards Act for unpaid overtime. The Parties desire fully and finally to resolve this litigation and all aspects of his underlying claims. Robles represents that no other charges, actions or claims are pending on Robles's behalf against Defendants, other than those set forth in this paragraph.

4. <u>Payment to Robles.</u>  In consideration for signing this Agreement and the fulfillment of the promises herein, Defendants agree to pay Robles the total sum of Three Thousand Five Hundred Dollars and Zero Cents ($3,500.00). This payment is inclusive of all claims for attorneys' fees, costs, and expenses. The payment will be made within twenty (20) business days of the Court's order approving the Parties' Motion to Approve the Agreement. The settlement checks will be prepared as follows:

    (a) Defendants agrees to pay Robles the sum of Two Hundred and Fifty Dollars and Zero Cents ($250.00) for alleged overtime pay made payable to Robles, less all applicable withholding taxes and payroll deductions. Robles shall provide Defendants a current IRS Form W-9 promptly after execution of this Agreement;

    (b) Defendants agrees to pay Robles the lump sum of Two Hundred and Fifty Dollars and Zero Cents ($250.00) for alleged liquidated damages made payable to Robles; and

    (c) Defendants agrees to pay Robles the sum of Three Thousand Dollars and Zero Cents ($3,000.00) in a check made payable to Robles's attorney, FAIRLAW FIRM. FAIRLAW FIRM shall provide Defendants with a current Form W-9 promptly after Robles's execution of this Agreement and will be issued a 1099 for this amount. The foregoing attorneys' fees and costs were agreed upon separately and without regard to the amount paid to Robles. Furthermore, the Parties specifically are aware of, and agree with,

the amount of attorneys' fees and costs to be paid to Robles's counsel for representing Robles's interests in this matter.

Robles acknowledges that the payment of the monies by Defendants identified herein constitutes full and complete payment of any unpaid wages and related damages allegedly owed to him for the entire period of his employment by Defendants up to the time of execution of this Agreement and that he sought in this action, and agrees not to pursue any additional claim based on alleged overtime or unpaid wages. Robles agrees that upon receipt of the settlement funds described in Paragraph 4 above, his claims raised in this action will be moot.

5. <u>Withdrawal of Claims</u>. The Parties will jointly file a Motion for Approval of Settlement with each party to bear his or its own fees other than what is described within this Agreement. Further, Robles agrees that through this Agreement, he waives any right or entitlement to any compensation or recovery through any class or collective action that has been or may be filed against Defendants regarding the payment of overtime wages, and that if he receives notice of any such action, he will either opt-out of same if a class action, or decline to opt-in if a collective action.

6. <u>Release of Claims</u>. Robles, on his own behalf, Robles's descendants, dependents, heirs, executors, administrators, assigns, and successors fully, finally and forever releases and discharges Defendants from the Fair Labor Standards Act violations as alleged in his Complaint (Case No.: 6:22:CV-1418-PGB-LHP).

7. <u>No Pending Complaints</u>. Robles represents, warrants, and agrees that he has not filed any lawsuits or arbitrations against Defendants or filed or caused to be filed any claims, claims, charges, or complaints against Defendants in any administrative, judicial, arbitral, or other forum, including any charges or complaints against Defendants with any international, federal, state or local agency charged with the enforcement of any law or any self-regulatory organization. Robles is not aware of any factual or legal basis for any legitimate claim that he has against Defendants or that Defendants are in violation of any whistleblower, corporate compliance, false claims, or other regulatory or legal obligation of Defendants under international, federal, state, or local law, rule, regulation, or Defendants' policy. Robles further represents, warrants, and agrees that if he was ever aware of any such basis for a legitimate claim against Defendants, he promptly informed Defendants of same.

8. <u>Non-Interference.</u> Nothing in this Agreement shall interfere with the Robles's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, or other federal or state regulatory or law enforcement agency.

9. <u>Payment of Applicable Taxes</u>. Robles is and shall be solely responsible for all federal, state, and local taxes that may be owed by Robles by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Robles agrees to indemnify and hold Defendants harmless from any and all liability, including, without

limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Robles under this Agreement unless such liability is caused by an action or inaction of Defendants.

10. <u>Transfer of Claims</u>.  Robles represents and warrants he has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Robles agrees to indemnify and hold Defendants harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. The Parties further warrant that there is nothing that would prohibit each Party from entering into this Agreement.

11. <u>No Future Employment.</u> Robles agrees and recognizes that his relationship with Defendants has been permanently and irrevocably severed. Robles hereby understands and agrees that he will not be re-employed by Defendants in the future and that Robles will never knowingly apply for any job or position in the future with Defendants. Robles agrees that if he knowingly or unknowingly applies for a position and is offered or accepts a position with Defendants or its related entities, the offer may be withdrawn and Robles may be terminated without notice, cause, or legal recourse.

12. Upon inquiry, Defendants shall provide a neutral employment reference and verify Plaintiff's dates of work, position(s) held, and rate(s) of pay, but without reference to any demand letter, lawsuit, claim(s) asserted therein, or the resolution of such claims.

13. <u>Non-Disparagement</u>.  The Parties agree that they will not make or cause to be made any statements that disparage or damage the reputation of one another from the signing of this Agreement.

14. The Parties acknowledge that if either materially breaches this Agreement, including but not limited to commencing a suit or action or complaint in contravention of this release and waiver of claims, the Parties' obligations to perform under this Agreement immediately shall cease, and the aggrieved Party shall be entitled to all remedies allowed in law or equity. The prevailing party in such an action is entitled to attorneys' fees and costs. Robles and Defendants hereby expressly waive any and all right to a trial by jury with respect to any action, proceeding or other litigation resulting from or involving the enforcement of this Agreement.

15. <u>Entire Agreement</u>.  This Agreement contains the entire agreement and understanding between Robles and Defendants with respect to the claims that Robles brought against Defendants in Case No.: 6:22:CV-1418-PGB-LHP and supersedes all other agreements between Robles and Defendants with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both Robles and Defendants.

16. <u>Severability</u>. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

17. <u>Parties' Acknowledgement</u>. The Parties acknowledge that no representation, promise, or inducement has been made other than as set forth in this Agreement, and that the Parties enter into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Parties further acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that each Party understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Robles also acknowledges: (a) that he has consulted with or has had the opportunity to consult with an attorney of his choosing concerning this Agreement and has been advised to do so by Defendants; and (b) that Robles has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or Robles's Attorney's advice. Robles acknowledges that he has been given a reasonable time to consider the terms of this Agreement.

18. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

19. <u>Execution</u>. This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

_____    _____
Date                                                           Miguel Robles


_____    _____
Date                                                           Authorized Representative of Camp Norat, Inc.


_____    _____
Date                                                           Miguel A. Norat, Jr.

WSACTIVELLP:13731472.1