## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

MIGUEL ROBLES,

    Plaintiff,

v.             Case No:   6:22-cv-1418-PGB-LHP

CAMP NORAT INC. and MIGUEL A.
NORAT, JR.,

    Defendants

_____

### ORDER

  This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:** **JOINT MOTION AND MEMORANDUM OF LAW
> FOR APPROVAL OF SETTLEMENT AGREEMENT
> AND DISMISSAL WITH PREJUDICE (Doc. No. 33)**
>
> **FILED:** **January 27, 2023**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without
> prejudice**.

  On August 10, 2022, Plaintiff Miguel Robles instituted this action against

Defendants Camp Norat Inc. and Miguel A. Norat, Jr., alleging failure to pay

overtime wages in violation of the Fair Labor Standards Act ("FLSA").   Doc. No. 1.

On January 10, 2023, the parties notified the Court that they had reached a settlement.   Doc. No. 32.   And on January 27, 2023, the parties filed the above-styled Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice.   Doc. No. 33.   With the joint motion, the parties have filed an unexecuted copy of their Settlement Agreement.   Doc. No. 33-1.   The parties ask that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), and dismiss the case in its entirety with prejudice.   Doc. No. 33.

The joint motion has been referred to the undersigned.   *See* Doc. No. 4. Upon review, however, there are several issues that prevent the undersigned from recommending approval of the parties' agreement.

First, the Settlement Agreement filed with the Court has not been executed by the parties.   *See* Doc. No. 33-1.   "The Court cannot approve an agreement that has not been executed by the parties."   *Galasso v. Sascosports, Inc.*, No. 6:16-cv-2035-Orl-41KRS, 2017 WL 11025760, at *1 (M.D. Fla. June 23, 2017).

Second, there are several provisions in the Settlement Agreement that appear problematic.   For one, there is a "no future employment" clause, and the parties do not explain the propriety of this provision in their joint motion.   Doc. No. 33-1 ¶ 11.   *See* Doc. No. 33.   *Cf. Rosario v. Petland Orlando S., Inc.*, No. 6:21-cv-713-RBD-LRH, 2021 WL 3124456, at *5 (M.D. Fla. July 20, 2021), *report and recommendation*

*adopted*,  WL 3183818 (M.D. Fla. July 23, 2021) ("No -rehire provisions are generally disfavored and viewed as punishing the plaintiff for exercising his or her rights under the FLSA.   In some cases, such provisions are approved when the inclusion of the provision is inconsequential, or separate consideration is paid for the provision." (citations omitted)).   For another, there is a non-disparagement clause, which the parties fail to support.   Doc. No. 33-1 ¶ 13.   *See* Doc. No. 33.   *Cf. Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-cv-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013) ("Provisions in a FLSA settlement agreement that call for . . . prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242–43 (M.D. Fla. 2010); *Valdez v. T.A.S.O. Props., Inc.*, No. 8:09-cv-2250-T-23TGW, 2010 WL 1730700, at *1 n.1 (M.D. Fla. Apr. 28, 2010)).   Moreover, there is a waiver of jury trial provision, which the parties again do not explain. Doc. No. 33-1 ¶ 14.   *See* Doc. No. 33.   *Cf. Raynon v. RHA/Fern Park Mr., Inc.*, No. 6:14-cv-1112-Orl-37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014)) (severing jury trial waiver provision in FLSA settlement agreement).   And, the Agreement contemplates that it may be modified in writing by the parties.   Doc. No. 33-1 ¶ 15 ("This Agreement shall not be changed unless in writing and signed by both Robles and Defendants.").   The Court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment.   To hold otherwise

would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already approved agreement.   Finally, there is a provision stating that Plaintiff "waives any right or entitlement to any compensation or recovery through any class or collective action that has been or may be filed against Defendants regarding the payment of overtime wages," which the parties do not address.   Doc. No. 33-1 ¶ 5.[1]

The Settlement Agreement does contain a severability clause.   *See* Doc. No. 33-1 ¶ 16.   However, given that the Settlement Agreement is unexecuted, and absent further explanation from the parties regarding these provisions, the Court declines to rewrite the parties' Agreement for them at this time.

Third, the undersigned ordered the parties to notify the Court whether they have entered into any other agreements in any way related to this action.   Doc. No. 34.   In response, the parties notify the Court that they have entered into a separate agreement resolving Plaintiff's claim for worker's compensation.   Doc. No. 35. Upon consideration, given that the parties state that said other agreement is not confidential, the undersigned will require the parties to file a copy of that other agreement with the Court, so that the Court may review the agreement and ensure

_____

[1] There is no indication from the joint motion or Settlement Agreement that Plaintiff is receiving additional consideration for any of these provisions.   *See* Doc. Nos. 33, 33-1.

that it does not constitute an impermissible side deal. *See id.  See also Mirles v. Golden Saj, LLC*, No. 6:20-cv-1144-CEM-DCI, 2021 WL 2954286, at *7 (M.D. Fla. Mar. 26, 2021).

For these reasons, the Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. No. 33) is **DENIED without prejudice**.  A renewed motion, which shall be filed on or before **February 22, 2023**, must address the issues outlined in this Order, must be supported by a fully executed copy of the Settlement Agreement, and must include a copy of the separate agreement resolving Plaintiff's claim for worker's compensation.

**DONE** and **ORDERED** in Orlando, Florida on February 8, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties