UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MIGUEL ROBLES,

     Plaintiff,

vs.                                    CASE NO.: 6:22-cv-1418-PGB-LHP

CAMP NORAT INC D/B/A
MATT'S LATIN BBQ AND
MIGUEL A. NORAT, JR.,

     Defendants.
_____/

## JOINT MOTION AND MEMORANDUM OF LAW FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

     Plaintiff, Miguel Robles, and Defendants, Camp Norat Inc d/b/a Matt's Latin BBQ and Miguel A. Norat, Jr. ("Defendants"), hereby file this Joint Motion and Memorandum of Law for Approval of Settlement Agreement and Dismissal with Prejudice, requesting that this Court approve the Parties' settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim. The good cause warranting approval is as follows:

## BACKGROUND AND PROCEDURAL HISTORY

     1.    On August 10, 2022, Plaintiff filed his Complaint asserting claims against Defendants for unpaid overtime wages under FLSA. (Doc. No. 1.)

2.     On September 6, 2022, Defendants filed their Answer and Defenses (Doc. 11), which were subsequently amended on October 4, 2022 (Doc. 17), denying Plaintiff's allegations of unlawful conduct and denied all liability.

3.     Thereafter, the Parties complied with the Court's September 12, 2022 Scheduling Order requiring the exchange of documents and the Plaintiff's completion of Court-ordered interrogatories (Doc. 21) and engaged in on-going settlement discussions during this process.

4.     Based upon the information exchanged between the Parties, the settlement negotiations, and to avoid the costs and uncertainty of litigation, the Parties reached a settlement agreement after several rounds of negotiations and filed a Notice of Settlement with this Court on January 10, 2023. (Doc. 32.)

5.     Plaintiff and Defendants hereby request approval of the Parties' Settlement Agreement. A true and correct copy of the Parties' executed Settlement Agreement is attached hereto as Exhibit "A".

6.     Pursuant to *Lynn's Food Stores, Inc., v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for overtime compensation under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor. If the parties in a lawsuit have reached a settlement agreement, the Court must scrutinize it for fairness, and the Court must conclude that the settlement constitutes a "fair and reasonable resolution of a bona fide dispute over FLSA provisions" before closing

the case. *Id.* at 1353, 1355. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354

7.      Defendants contend that Plaintiff did not work the claimed hours and that he was lawfully paid for every hour her worked. In this regard, Camp Norat, Inc.'s time and payroll records demonstrate that Plaintiff was paid for all hours worked while working for Camp Norat, Inc. Defendants' position, therefore, is that Plaintiff is not entitled to any back pay. Although Plaintiff initially believed he worked 20 overtime hours per week, after a thorough review of his time and pay records, Plaintiff agreed to a settlement reflecting a reduced number of hours. Indeed, Plaintiff realized he would have significant difficulty proving the work claimed considering the breadth of Camp Norat, Inc.'s time and pay-keeping records.

8,      Based upon the negotiations between the Parties, Plaintiff agreed to the total amount of $500.00 ($250.00 in satisfaction of his unpaid overtime wages, plus an equal amount of $250.00 as liquidated damages). In light of the above, both Parties agree that the settlement is a reasonable compromise of the alleged claims of Plaintiff.

9.      Pursuant to the terms of the Settlement Agreement, Plaintiff's counsel will receive $3,000.00, representing attorneys' fees and costs. Plaintiff's attorneys'

fees and costs were negotiated completely separately from Plaintiff's settlement and did not bear any weight on the amounts received by Plaintiff. As such, no judicial review is necessary. *See Bonetti v. Embarq Mgmt. Co.*, No. 6:07-cv-1335-Orl-31GKJ, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009).

10.    The fact that the Plaintiff is represented by counsel adds further support to the conclusion that the compromise the Parties reached is reasonable. *See Fernandez v. A-1 Duran Roofing, Inc.*, No. 12-cv-20757, 2013 WL 684736 (S.D. Fla. Feb. 25, 2013) (noting that fairness concerns articulated by *Lynn's Food* are not implicated in settlement of FLSA lawsuit brought by employee represented by counsel) (citing *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012)).

11.    Plaintiff and Defendants contend and stipulate that in light of the issues in dispute, the amount received by Plaintiff constitutes a fair and reasonable compromise of disputed claims, and they respectfully submit that their settlement should be approved by the Court. Had the case proceeded through additional discovery, dispositive motions, and, if applicable, trial, it is possible that Plaintiff would have received less, if anything, in damages. Thus, the Parties contend and stipulate that their settlement advances judicial economy.

12.    While the Parties have resolved Plaintiff's pending claim for benefits pursuant to Florida Workers' Compensation law, which includes a general release

for which Plaintiff received separate consideration, neither counsel in this FLSA case, nor their respective law firms, handled and/or participated in Plaintiff's workers' compensation claim or the negotiation of its settlement. Undersigned counsel represents that the resolution of Plaintiff's claim for workers' compensation benefits had no effect or impact on the resolution of the instant matter. A true and correct copy of the Parties' agreement resolving Plaintiff's claim for workers' compensation benefits is at Exhibit B.

13.    The Parties' resolution of Plaintiff's claim for workers' compensation benefits explicitly recognizes Plaintiff's instant claim and excludes it from that agreement. Specifically, the agreement states: "The parties stipulate that the releases in this Agreement specifically exclude and are not intended to compromise or adversely affect Mr. Robles' pending claim for unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to the FLSA presently pending in the Middle District of Florida in CASE NO.: 6:22-cv-1418-PGB-LHP and/or and claim under the FLSA (29 USC 201, et. Seq)." *See* Ex. B. The Parties, therefore, submit that their resolution of Plaintiff's claim for workers' compensation benefits does not constitute an impermissible side deal.

14.    Accordingly, the Parties respectfully request that the Court review and approve the Parties' Settlement Agreement.

15.    The Parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Parties' Settlement Agreement.

## <u>MEMORANDUM OF LAW</u>

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's* , 679 F. 2d at 1353-54.

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977)[1], Courts are to consider the following factors:

(1)    the existence of fraud or collusion behind the settlement;
(2)    the complexity, expense, and likely duration of the litigation;
(3)    the stage of the proceedings and the amount of discovery completed;

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. As *Brennan* has not been overturned or otherwise eroded by the Eleventh Circuit, it is the law by which its district courts must abide.

(4)    the probability of the plaintiffs' success on the merits;

(5)    the range of possible recovery; and

(6)    the opinions of counsel.

*Morgan v. Public Storage*, 301 F. Supp. 3d 1237 (11th Cir. 2016).

**(1)    *There Was No Fraud or Collusion.***

In this case, there was no fraud or collusion, as both Parties were represented by counsel experienced in FLSA claims, nor is there any contention of same by either Party.

**(2)    *The Complexity, Expense, and Length of Litigation Support Early Resolution.***

The complexity, expense, and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would be required for both sides to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and likely exceed any damages Plaintiff could hope to recover in this action. The proposed settlement minimizes such costs, preserving the Court's and each Parties' resources.

**(3)    *The Parties Resolved this Case at the Appropriate Stage.***

Before resolving this case, the Parties exchanged sufficient information that enabled them to consult with their counsels and make decisions about whether to continue litigating or to resolve this case. The Parties exchanged time and pay records, which they independently analyzed. Based on this analysis, the Parties decided to resolve this matter.

**(4)    *The Probability of Success on the Merits Supports Settlement.***

The Parties disagree about the merits of Plaintiff's claim(s) and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. Accordingly, Plaintiff's probability of success on the merits, and the uncertainty that he would be awarded any amount – let alone an amount greater than what the settlement provides – further supports the validity, reasonableness, and fairness of the settlement at issue.

**(5)    *The Range of Possible Recovery Supports Approval.***

The Parties' settlement takes into account the validity of Plaintiff's claims, the defenses thereto, and the length of time it would take for Plaintiff to actually recover a final judgment against Defendants.

**(6)    *Counsel Agree That The Settlement Is Fair.***

Considering the facts of this case, including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved, the Parties agree that the proposed settlement reached by the Parties and reflected in Exhibit "A" represents a fair and reasonable compromise of Plaintiff's claims. Plaintiff's counsel's fees are reasonable given the time expended, the rates of Plaintiff's counsel, and the potential for protracted litigation. Plaintiff's counsel actually compromised the attorneys' fees incurred in order to resolve this case at this juncture.

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not adversely affected by the amount of attorneys' fees paid to counsel, Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA action with prejudice, with each Party to bear its own costs, fees and expenses (except as otherwise set forth in the Parties' Settlement Agreement). The Parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement.

Dated this 22nd day of February 2023.

| By: */s/ Toussaint Cummings* | By: */s/ Bret C. Yaw* |
|---|---|
| Toussaint Cummings | Aaron L. Zandy |
| Florida Bar No. 119877 | Florida Bar No. 0125271 |
| Email: toussaint@fairlawattorney.com | Email: azandy@fordharrison.com |
| Brian H. Pollock | Bret C. Yaw |
| Florida Bar No. 174742 | Florida Bar No. 100445 |
| Email: brian@fairlawattorney.com | Email: byaw@fordharrison.com |
| | |
| FAIRLAW FIRM | FORD HARRISON LLP |
| 135 San Lorenzo Ave., Suite 770 | 300 South Orange Ave., Ste. 1300 |
| Coral Gables, Florida 33146 | Orlando, FL  32801 |
| 305-230-4884  Telephone | 407-418-2300  Telephone |
| 305-230-4884  Facsimile | 407-418-2327  Facsimile |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

# EXHIBIT "A"

## SETTLEMENT AGREEMENT

1.        This Settlement Agreement ("Agreement") is entered into by and between Miguel Robles ("Robles") and Camp Norat, Inc. and Miguel A. Norat, Jr. (collectively, "Defendants"), with each party intending to be bound by the terms and conditions of this Agreement. For purposes of this Agreement, Robles and Defendants are collectively referred to as the "Parties." For purposes of this Agreement, Camp Norat includes Camp Norat's parents, subsidiaries, divisions, affiliates, stockholders, predecessors, successors, assigns, agents, directors, insurers, and officers.

2.        <u>Non-Admission</u>.   This Agreement does not constitute an admission by Defendants of any violation of any law or statute, and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3.        <u>Litigation</u>.   Robles filed a lawsuit against Defendants in the United States District Court, Middle District of Florida, Orlando Division (Case No.: 6:22:CV-1418-PGB-LHP), alleging violations of the Fair Labor Standards Act for unpaid overtime. The Parties desire fully and finally to resolve this litigation and all aspects of his underlying claims. Robles represents that no other charges, actions or claims are pending on Robles's behalf against Defendants, other than those set forth in this paragraph.

4.        <u>Payment to Robles.</u>   In consideration for signing this Agreement and the fulfillment of the promises herein, Defendants agree to pay Robles the total sum of Three Thousand Five Hundred Dollars and Zero Cents ($3,500.00). This payment is inclusive of all claims for attorneys' fees, costs, and expenses. The payment will be made within twenty (20) business days of the Court's order approving the Parties' Motion to Approve the Agreement. The settlement checks will be prepared as follows:

> (a)     Defendants agrees to pay Robles the sum of Two Hundred and Fifty Dollars and Zero Cents ($250.00) for alleged overtime pay made payable to Robles, less all applicable withholding taxes and payroll deductions. Robles shall provide Defendants a current IRS Form W-9 promptly after execution of this Agreement;

> (b)     Defendants agrees to pay Robles the lump sum of Two Hundred and Fifty Dollars and Zero Cents ($250.00) for alleged liquidated damages made payable to Robles; and

> (c)     Defendants agrees to pay Robles the sum of Three Thousand Dollars and Zero Cents ($3,000.00) in a check made payable to Robles's attorney, FAIRLAW FIRM. FAIRLAW FIRM shall provide Defendants with a current Form W-9 promptly after Robles's execution of this Agreement and will be issued a 1099 for this amount. The foregoing attorneys' fees and costs were agreed upon separately and without regard to the amount paid to Robles. Furthermore, the Parties specifically are aware of, and agree with,

the amount of attorneys' fees and costs to be paid to Robles's counsel for representing Robles's interests in this matter.

Robles acknowledges that the payment of the monies by Defendants identified herein constitutes full and complete payment of any unpaid wages and related damages allegedly owed to him for the entire period of his employment by Defendants up to the time of execution of this Agreement and that he sought in this action, and agrees not to pursue any additional claim based on alleged overtime or unpaid wages. Robles agrees that upon receipt of the settlement funds described in Paragraph 4 above, his claims raised in this action will be moot.

5. <u>Withdrawal of Claims</u>.  The Parties will jointly file a Motion for Approval of Settlement with each party to bear his or its own fees other than what is described within this Agreement.

6. <u>Release of Claims</u>.  Robles, on his own behalf, Robles's descendants, dependents, heirs, executors, administrators, assigns, and successors fully, finally and forever releases and discharges Defendants from the Fair Labor Standards Act violations as alleged in his Complaint (Case No.: 6:22:CV-1418-PGB-LHP).

7. <u>No Pending Complaints</u>.  Robles represents, warrants, and agrees that he has not filed any lawsuits or arbitrations against Defendants or filed or caused to be filed any claims, claims, charges, or complaints against Defendants in any administrative, judicial, arbitral, or other forum, including any charges or complaints against Defendants with any international, federal, state or local agency charged with the enforcement of any law or any self-regulatory organization. Robles is not aware of any factual or legal basis for any legitimate claim that he has against Defendants or that Defendants are in violation of any whistleblower, corporate compliance, false claims, or other regulatory or legal obligation of Defendants under international, federal, state, or local law, rule, regulation, or Defendants' policy.  Robles further represents, warrants, and agrees that if he was ever aware of any such basis for a legitimate claim against Defendants, he promptly informed Defendants of same.

8. <u>Non-Interference.</u>  Nothing in this Agreement shall interfere with Robles's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, or other federal or state regulatory or law enforcement agency.

9. <u>Payment of Applicable Taxes</u>.  Robles is and shall be solely responsible for all federal, state, and local taxes that may be owed by Robles by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Robles agrees to indemnify and hold Defendants harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Robles under this Agreement unless such liability is caused by an action or inaction of Defendants.

10.  <u>Transfer of Claims</u>.  Robles represents and warrants he has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Robles agrees to indemnify and hold Defendants harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. The Parties further warrant that there is nothing that would prohibit each Party from entering into this Agreement.

11.  Upon inquiry, Defendants shall provide a neutral employment reference and verify Plaintiff's dates of work, position(s) held, and rate(s) of pay, but without reference to any demand letter, lawsuit, claim(s) asserted therein, or the resolution of such claims.

12.  The Parties acknowledge that if either materially breaches this Agreement, including but not limited to commencing a suit or action or complaint in contravention of this release and waiver of claims, the Parties' obligations to perform under this Agreement immediately shall cease, and the aggrieved Party shall be entitled to all remedies allowed in law or equity. The prevailing party in such an action is entitled to attorneys' fees and costs.

13.  <u>Entire Agreement</u>.  This Agreement contains the entire agreement and understanding between Robles and Defendants with respect to the claims that Robles brought against Defendants in Case No.: 6:22:CV-1418-PGB-LHP and supersedes all other agreements between Robles and Defendants with regard to such disputes or claims.

14.  <u>Severability</u>.  The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

15.  <u>Parties' Acknowledgement</u>.  The Parties acknowledge that no representation, promise, or inducement has been made other than as set forth in this Agreement, and that the Parties enter into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Parties further acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that each Party understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Robles also acknowledges: (a) that he has consulted with or has had the opportunity to consult with an attorney of his choosing concerning this Agreement and has been advised to do so by Defendants; and (b) that Robles has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or Robles's Attorney's advice.

Robles acknowledges that he has been given a reasonable time to consider the terms of this Agreement.

16.   Headings.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

17.   Execution.  This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.


_____
Date

_____2/22/23_____
Date

_____2/22/23_____
Date


_____
Miguel Robles

_____
Authorized Representative of Camp Norat, Inc.

_____
Miguel A. Norat, Jr.


WSACTIVELLP:13749437.1

Page

Robles acknowledges that he has been given a reasonable time to consider the terms of this Agreement.

16.    Headings.    The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

17.    Execution.    This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

02/21/2023
_____
Date

_____
*Miguel Robles (Feb 21, 2023 12:51 EST)*
Miguel Robles

_____
Date

_____
Authorized Representative of Camp Norat, Inc.

_____
Date

_____
Miguel A. Norat, Jr.

WSACTIVELLP:13749437.1

Page 4 of 4

# EXHIBIT "B"

**STATE OF FLORIDA**
**DIVISION OF ADMINISTRATIVE HEARINGS**
**OFFICE OF JUDGE OF COMPENSATION CLAIMS**
**ORLANDO**

**EMPLOYEE:**
Miguel Robles
4559 Cove Drive, Apt. 203
Belle Isle, FL 32812

**EMPLOYER:**
Camp Norat, Inc. d/b/a Matt's Latin BBQ
6607 South Semoran Boulevard
Orlando, FL 32822

**CARRIER/SERVICING AGENT:**
Employers Preferred Insurance Company
Post Office Box 32036
Lakeland, FL 33802

**ATTORNEY FOR EMPLOYEE:**
Ivan J. Colon Pastrana, Esquire
6250 Coral Ridge Drive, Suite 103
Coral Springs, FL 33076

**ATTORNEY FOR EMPLOYER/**
**CARRIER/SERVICING AGENT:**
Jeffry J. Branham, Esquire
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, FL 32802-2928

**OJCC CASE NO.:** 22-016607NPP
**D/A:** 6/17/2022

**SETTLEMENT AGREEMENT**

The above named parties hereby stipulate and agree that the Employer/Carrier/Servicing Agent shall be discharged and released from any further liability for all future benefits and claims including but not limited to, those offered under the Florida Workers' Compensation Law in exchange for the payment of a lump sum of money to the Claimant.

1. **TERMS OF WORKERS' COMPENSATION SETTLEMENT PURSUANT TO FL. STATUTE 440.20 (11) (c) & (d) (2001)** -

A. The Employer/Carrier/Servicing Agent will pay to the Claimant the lump sum of $10,000.00. This is being settled on a controverted basis. The Claimant hereby understands that this payment will settle any and all claims in anyway relating to any injuries resulting from or claimed to be the result of any work-related accidents, including those referred to herein, including but not limited to any and all claims or entitlement to all classifications and types of workers'

1

compensation benefits, including, but not limited to:  death benefits, past, present and future rehabilitation temporary total benefits and/or training and education temporary total benefits; past, present and future compensation benefits of any and all classification; attorney fees and costs; and past, present and future  medical care and treatment.  The Employer and/or Carrier/Servicing Agent retains its rights to any lien(s), known or unknown, unless expressly waived herein.

B.  Out of that amount, the Claimant will pay to his attorney the amount of $2,500.00 as a fee and $250.00 as costs.  Payment of any attorney fees is solely the responsibility of the Claimant and the Claimant acknowledges no fees are due from the Employer or Carrier/Servicing Agent since this settlement is pursuant to Florida Statute 440.20.  The Claimant will be responsible for any liens for fees or costs filed by prior counsel.

2.    **JURISDICTION** - The Judge of Compensation Claims appointed under F.S, 440.45 have jurisdiction of the subject matter and the parties hereto.  The Claimant stipulates and the parties agree that this settlement shall constitute an election of remedies by the Claimant, with respect to the Employer herein.

3.    **ELECTION OF REMEDY AND RELEASE OF EMPLOYER LIABILITY (COVERAGE B)** - By entering into this settlement agreement, the parties stipulate that the Claimant has elected workers' compensation, and not tort liability as the exclusive remedy.  The parties stipulate that the Claimant has made a conscious intent to elect workers' compensation benefits for his remedy and to waive all other rights.  The parties stipulate that the Claimant has pursued workers' compensation benefits to a conclusion on the merits and thereby has elected his remedy.   The parties further stipulate that as additional consideration for the payment of the

2

settlement agreement by the Employer/Carrier/Servicing Agent, the Claimant releases, waives and settles any Employer liability (COVERAGE B) cause of action.

A.    Additional Agreements:   The parties also agree concerning the settlement of the following additional benefits:  The parties stipulate and agree that this case is being settled on a controverted basis.  The claimant is responsible for any and all medical bills.

The parties stipulate and agree that this settlement does not affect the Claimant's pending wage and hour claim.  The parties stipulate that the releases in this Agreement specifically exclude and are not intended to compromise or adversely affect Mr. Robles' pending claim for unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to the FLSA presently pending in the Middle District of Florida in CASE NO.: 6:22-cv-1418-PGB-LHP and/or any claim under FLSA (29 USC 201, et. Seq)."

4.    **MAXIMUM MEDICAL IMPROVEMENT** - The Claimant specifically agrees that he will be barred from raising the issue of maximum medical improvement as a basis for questioning, appealing, modifying or moving to set aside this agreement.  The parties stipulate that achieving maximum medical improvement is not necessary in order to settle.  The Claimant stipulates that he shall be bound by this settlement agreement even though the conditions and injuries may become greater, more disabling, more numerous or more extensive than is now known or anticipated.

5.    **ALL INJURIES AND ACCIDENTS** - The Claimant represents and affirms that all accidents, injuries, aggravations, exacerbations and occupational diseases known to have occurred or been sustained while employed by the Employer have been revealed to the Employer and Carrier/Servicing Agent and are settled herein.   In consideration of the Employer/Carrier/Servicing Agent's agreement to enter into this settlement agreement, all pending

3

and potential claims are hereby voluntarily withdrawn and dismissed with prejudice. The Employer/Carrier/Servicing Agent hereby reserves all rights, claims, defenses, remedies and obligations in the event of any misrepresentation or fraud by the Employee/Claimant. The Claimant further warrants that any industrial accident occasioned while in the employment of Camp Norat, Inc. d/b/a Matt's Latin BBQ and the injuries sustained as a result thereof, was not the result of any willful and wanton misconduct, unprovoked physical aggression or gross negligence on the party of any officer, director, employee, supervisor, or other agent or representative of the Employer, and that the Claimant has no entitlement to any cause of action under any exception to the Workers' compensation immunity as defined in Section 440.11, Florida Statutes.

6. **BENEFITS SETTLED** - The Claimant understands that this agreement fully and finally relieves the Employer and Carrier/Servicing Agent from any and all claims in anyway relating to any injury resulting from or claimed to be a result of any work-related accidents, including but not limited to any and all obligations to pay all past, present and future compensation benefits of whatever kind or classification available under the Florida Workers' Compensation Law, including , but not limited to  future medical benefits, monetary compensation under Florida Statutes 440.15 and 440.16, rehabilitation benefits under Florida Statute 440.49, impairment benefits, attorney's fees, penalties, interest and past medical care on account of the work related accident suffered while employed by the Employer.  Monetary compensation includes but is not limited to compensation for permanent total disability, temporary total disability, temporary partial disability, wage loss benefits, permanent impairment income benefits, rehabilitation temporary total, supplemental benefits, death benefits or personal injury claims resulting from work related accidents.  The Employer and Carrier/Servicing Agent will also be relieved of any and all obligations to provide past, present or future medical care and attendance, whether palliative or

4

remedial, including but not limited to prescriptions, medical equipment or orthotics or the replacement/repair of same, attendant care and transportation. The parties stipulate that the Claimant has the right to apply for training and education from the Division of Workers' Compensation under Florida Statute 440.491(6)(a). Said training and education shall not be at the expense of the Employer and/or Carrier/Servicing Agent. The parties agree that part of the settlement is for rehabilitation temporary total benefits.

7. **SEPARATION AGREEMENT** - Claimant represents that as a result of the limitations and restrictions from the industrial accident and injuries Claimant is not requesting, nor shall he request, reasonable accommodation for re-employment. Claimant has separated from his employment with the Employer and agrees not to seek to be re-hired by the Employer, affiliates or subsidiaries thereof. The Claimant's agreement not to seek re-employment is made as a specific inducement for the Employer/Carrier or Servicing Agent to resolve the workers' compensation case by agreement and release of claims as opposed to obtaining or locating re-employment for the Claimant within the limitations and restrictions.

8. **CONSIDERATION OF SOCIAL SECURITY BENEFITS, MEDICARE AND OFFSETS** - The Claimant certifies that he has not applied for Social Security Benefits and is not a Medicare beneficiary. The parties stipulate and agree that the Claimant's entitlements to Social Security benefits and the various offsets concerning same have been considered by the parties in agreeing to the terms of this agreement. The terms and allocation of these benefits and offsets may be contained in a separate document to be attached hereto. The Claimant acknowledges that he understands that if he has received any benefits, at any time, from Medicare or Medicaid for any injuries or conditions, related or not to his industrial accident he must contact Medicare/Medicaid to resolve any lien or claim Medicare/Medicaid might have

against the proceeds of this settlement. The Employer/Carrier/Servicing Agent is entering into this agreement on the understanding that the Claimant has not received any benefits under Medicare or Medicaid or, if the Claimant received such benefits, that the Claimant has promised to resolve any claim, lien or other rights Medicare/ Medicaid may have against these proceeds. The Claimant acknowledges that any and all known liens or potential liens involving Medicare, Medicaid, the Internal Revenue Service, child support enforcement, or other agencies of Federal, state or local government have been revealed to the Employer/Carrier/Servicing Agent and he agrees to indemnify and hold harmless the Employer/Carrier/Servicing Agent regarding any such liens.

It is not the purpose of this settlement agreement to shift to Medicare the responsibility for payment of medical expenses for the treatment of work-related conditions. Instead, this settlement agreement is intended to provide the Claimant with a lump sum which will foreclose the Employer/Carrier/Servicing Agent's responsibility for future payments of all work-related medical expenses. In accepting this, the Claimant realizes, understands, and agrees that Medicare will not pay for any medical expenses related to this work accident until the Medicare-covered expenses related to such injuries or disease equal the amount of the lump sum specifically designated for settlement of Medicare-covered expenses related to the work accident. The Claimant realizes, understands and agrees that he is solely responsible for providing an annual accounting of all Medicare-covered expenses related to the work accident.

9. **ATTORNEY'S FEES PAYABLE BY CLAIMANT AND WAIVER** - The Claimant has been represented by Ivan J. Colon Pastrana, Esquire (Federal Tax I.D. No. ███████████████████_____) in connection with this matter who is entitled to a fee for legal services rendered. $2,500.00 is a reasonable fee for such services and is within the guidelines for

the determination of a reasonable fee as set forth in F.S. 440.34(1). In addition thereto, the Claimant shall also reimburse the attorney $250.00 for non-taxable costs. Notwithstanding the provisions of F.S. 440.34(3)(a-d), the Claimant and not the Employer/Carrier/Servicing Agent is responsible for the payment of his own attorney's fees because this settlement was made under F.S. 440.20(11)(c)(d)(e). The Claimant understands and agrees that the amount of the fee charged by the attorney must be approved by the Judge of Compensation Claims. Notwithstanding the approval of attorney's fee, this settlement entered into by the parties is binding and enforceable as of the date executed by the parties. The fee and non-taxable costs shall be paid from the settlement proceeds thereby making the net settlement amount $7,250.00. This is being settled on a controverted basis. It is hereby agreed that each party shall bear its own costs in this matter.

It is stipulated between the parties that if there has been a lien filed for attorney fees in this matter it is the sole responsibility of the Claimant to satisfy this lien. The Claimant further stipulates to hold the Employer/Carrier/Servicing Agent harmless from the payment of any attorney fee lien that may be outstanding.

10. **WAIVER OF PENALTIES, INTEREST AND FORMAL NOTICE** - The Claimant does hereby waive any right he may have to any and all penalties or interest on account of the alleged accident or occupational disease referenced herein and specifically agrees that the Employer/Carrier/Servicing Agent will have thirty (30) days from the date payment is due to make payment without incurring penalties and/or interest notwithstanding the time limitations set forth in Section 440.20(11). This thirty (30) day time period does not begin to run until the required Order for approval of attorney's fees and child support is approved by the Judge of Compensation Claims and received by the Employer/Carrier/Servicing Agent.

11.   **CONDITIONAL     AGREEMENT**   -   The   Claimant   and   the Employer/Carrier/Servicing Agent stipulate and agree that in the event this settlement agreement of future medical benefits is determined to be unconstitutional or invalid by the District Court of Appeals or Florida Supreme Court or is not otherwise given full force and effect, the Employer/Carrier/Servicing Agent is entitled to full reimbursement of the lump sum paid to the Claimant within thirty (30) days of notification by the Employer/Carrier/Servicing Agent. The parties further stipulate and agree that any remaining annuity proceeds pursuant to the order shall be immediately payable to the Employer/Carrier/Servicing Agent in the event this scenario occurs.   If any portion of the settlement proceeds is not immediately paid to the Employer/Carrier/Servicing Agent, the Employer/Carrier/Servicing Agent shall be entitled to a 100% offset against the Claimant's future medical benefits until the settlement amount is fully repaid.  Under no circumstances shall the settlement amount be considered a gratuitous payment by the Employer/Carrier/Servicing Agent.   The Claimant stipulates and agrees that he specifically waives any and all challenges on constitutional grounds or otherwise which he presently has or may have in the future to the Florida Workers' Compensation Act. The Employer/Servicing Agent hereby reserves all rights, claims, defenses, remedies and obligations in the event of any misrepresentation or fraud by the Employee/Claimant.

12.   **CHILD SUPPORT** - The Claimant agrees that he will be responsible for the payment of any and all child support arrearages, if any, and that approval is required of these amounts.

Notwithstanding the requirement of judicial review of the child support, this settlement is binding and enforceable as of the date executed by the parties.

8

13.    **UNDERSTANDING OF AGREEMENT** - The Claimant specifically agrees as follows:

I understand that receipt by me of the Lump Sum Settlement completely discharges and terminates any liability or responsibility that the Employer or Carrier/Servicing Agent may have toward me as a result of any or all accidents, claims or injuries arising out of employment with Camp Norat, Inc. d/b/a Matt's Latin BBQ.

I have read or had the settlement agreement read to me, and I fully understand same, and I am in agreement therewith.

I understand that I am under no compulsion to settle my claim and I am settling this case voluntarily and of my own free will.

I believe this settlement to be in my best interest.

I understand that under the Florida Workers' Compensation Law I have the right to pursue a claim, have a hearing on the merits of my claim and have a Judge determine what further benefits, if any, I am entitled to and that this settlement is not the only avenue to resolve my claim.

I understand that by agreeing to settle, I am waiving and giving up any rights that I would have to further pursue any claims.

I reside at: ███████████████████

My telephone number is: ███████████████

I am over 18 years of age, legally competent and duly authorized to execute this Settlement Agreement.

I acknowledge I have reviewed this agreement with my attorney.

This settlement agreement and joint petition was signed by the Employer/Carrier/Servicing Agent on the 8th day of February , 2023 and by the Claimant on the 25th day of January , 2023.

_____
Miguel Robles
Employee

_____
Ivan J. Colon Pastrana, Esquire
6250 Coral Ridge Drive, Suite 103
Coral Springs, FL 33076
(954) 324-2667
Attorney for Employee

_____
Jeffry J. Branham, Esquire
Post Office Box 2928
Orlando, FL 32802
(407) 422-4310
Attorney for Employer/Carrier/Servicing Agent


STATE OF FLORIDA
COUNTY OF Broward

Before me, the undersigned authority authorized to administer oaths and take acknowledgments appeared by means of ___ physical presence or X online notarization, Miguel Robles, who (is personally known to me) (was identified by driver's license) on this 26 day of January , 2023 who upon being duly sworn, certifies that the information furnished by him as incorporated in the foregoing settlement agreement is true and correct and that he (has read the settlement agreement) (has had the settlement agreement read to him) and believes the lump-sum settlement to be in his best interest.

_____
Miguel Robles

_____
Notary Public
State of Florida at large
Commission Number HH064008

My Commission Expires: 11/17/24

SANDY GOMEZ
MY COMMISSION # HH 064008
EXPIRES: November 17, 2024
Bonded Thru Notary Public Underwriters

10

STATE OF FLORIDA
DIVISION OF ADMINISTRATIVE HEARINGS
OFFICE OF THE JUDGES OF COMPENSATION CLAIMS
ORLANDO DISTRICT OFFICE

Miguel Robles,
    Employee/Claimant,

vs.

Camp Norat Inc d/b/a Matt's Latin
BBQ/Employers Preferred
Insurance Company,
    Employer/Carrier/
    Servicing Agent.

_____/

OJCC Case No.    22-016607NPP

Accident date:    06/17/2022

Judge: Neal P. Pitts

## ORDER UNDER §440.20(11) (c), (d) & (e), FLA. STAT. (2009)

Pursuant to §440.20(11) (c), (d), & (e), Florida Statutes (2009), the above captioned parties have reached a lump sum settlement for which approval of attorney's fees, costs, and allocation of child support is requested. After reviewing the employee's Motion for Approval of Attorney's Fees and Allocation of Child Support Arrearage and the supporting documentation, the undersigned Judge of Compensation Claims finds that:

1.    The parties have reached a washout settlement of the entire claim, medicals closed, for $10,000.00 inclusive of attorney's fees and costs. From this settlement amount, the claimant has agreed to pay, and claimant's counsel agrees to accept, $2,500.00 as attorney's fees, which fees are not within the statutory percentage set forth in §440.34, Fla. Stat. (2009), but is in accordance with a Retainer Agreement and Waiver signed by the claimant. Pursuant to the Retainer Agreement and Waiver, the claimant waived the

statutory fee cap and further agreed to pay claimant's attorney a fee based upon up to 25% of the total settlement.

2. In support of the requested fee in excess of the statutory guideline, the claimant's attorney has filed an Affidavit in which they have sworn that they provided approximately 10 hours of time associated with securing this benefit. The affidavit also provides a discussion and establishment of the remaining *Lee Engineering* factors.

3. Based upon the foregoing, I find that the requested attorney's fee is reasonable. I further find that because the claimant has agreed to pay an enhanced attorney's fee in accordance with a Retainer Agreement and Waiver based upon 25% of the total settlement that the requested fee complies with the decision in *Miles v. City of Edgewater Police Dept.* Accordingly, I approve the requested attorney's fee.

4. In addition to attorney's fees, the claimant has agreed to reimburse attorney costs in the amount of $250.00.

5. The payment of these attorney's fees and reimbursement of costs meets the requirements of the Workers' Compensation Law, and therefore, are approved. The attorney's fee shall not be subject to modification. It is the responsibility of the E/C/SA to ensure that the amount being allocated for the payment of attorney's fees and costs approved by this order are paid to the claimant's attorney.

6. Documentation has been obtained by the OJCC through the data exchange programs with the Florida Department of Revenue and the Clerk of the

Circuit and County Courts central depository that reflect the total amount of outstanding child support to be $0.00.   In addition to such documentation, the claimant has provided sworn evidence that there is no existing child support arrearage.   Based upon such evidence, I find that there is no child support arrearage, and therefore, no child support arrearage is being withheld from the claimant's net settlement.

7.   Based upon the above deductions for attorney's fees and costs, the claimant will receive a net settlement amount of $7,250.00.   The E/C shall have thirty (30) days from the mailing date of this Order during which to pay the lump sum settlement amount set forth in paragraph 1.

DONE AND SERVED this 9th day of February, 2023, in Altamonte Springs, Seminole County, Florida.

**Neal P. Pitts**
Judge of Compensation Claims

COPIES FURNISHED:

Ivan J. Colon Pastrana
WorkInjuryRights.Com
6250 Coral Ridge Drive, Suite 103
Coral Springs, FL  33076
ivan@workinjuryrights.com,service3@workinjuryrights.com

Jeffry J. Branham
Dean, Ringers, Morgan And Lawton
Post Office Box 2928
Orlando, FL  32802
denise@drml-law.com,lisa@drml-law.com

## **GENERAL RELEASE**

This agreement (hereafter referred to as "Release") is between **MIGUEL ROBLES**, (hereafter referred to as "**CLAIMANT**") and **CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ AND ITS AFFILIATES** (hereafter referred to as "**CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ**"), whereby **CLAIMANT** desires to settle all potential and/or outstanding claims arising out of his employment with **CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ** and the termination thereof.   **CLAIMANT** voluntarily separates from the employment of the **CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ** and agrees not to seek to be re-hired by the **CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ**, affiliates or subsidiaries thereof.  The parties stipulate that the releases in this Agreement specifically exclude and are not intended to compromise or adversely affect Mr. Robles' pending claim for unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to the FLSA presently pending in the Middle District of Florida in CASE NO.: 6:22-cv-1418-PGB-LHP and/or any claim under FLSA (29 USC 201, et. Seq).

For and in consideration of the sum of **FIFTY DOLLARS and 00/100 ($50.00)** and of other good and valuable consideration, the receipt of which is hereby acknowledged, **CLAIMANT**   (for himself, his heirs, executors, administrators and assigns), hereby unconditionally releases and forever discharges **CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ** and each of **CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ's** owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, divisions, subsidiaries, affiliates, and all persons acting by, through, under or in concert with any of them from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits,

1

rights, demands, costs, losses, debts and expenses (including attorney's fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected, including, but not limited to, any statutory or common law claims and rights regarding discrimination that may arise by virtue of **CLAIMANT's** employment with **CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ** and the termination thereof under the following statutes: THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 *et seq.*, THE REHABILITATION ACT OF 1973, 29 U.S.C. § 701 *et seq.*, as amended, THE EMPLOYEE RETIREMENT INCOME SECURITY ACT, 29 U.S.C. § 101, as amended, THE NATIONAL LABOR RELATIONS ACT, 29 U.S.C. § 151, Title VII OF THE CIVIL RIGHTS ACT of 1964, 42 U.S.C. § 2000e, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621], THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. 2601, *et seq.*, GENETIC INFORMATION NONDISCRIMINATION ACT (GINA) OF 2008, Florida's employee rights laws, and all other applicable federal, state or local laws prohibiting discrimination that may arise by virtue of **CLAIMANT's** employment with **CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ** and the termination thereof, and claims growing out of any legal restrictions on **CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ's** right to terminate its employee which **CLAIMANT** now has, owns or holds, or claims to have owned or held, or which **CLAIMANT** at any time heretofore had, owned or held, or which **CLAIMANT** at any time hereafter may have, own, hold or claims to have owned or held against **CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ**, including any claims for wrongful discharge, tort or otherwise, or any other claim alleging an intentional civil wrong under state or federal law.

   **CLAIMANT** acknowledges that he is knowingly and voluntarily waiving and releasing

any rights he may have under the ADEA, as amended. **CLAIMANT** acknowledges that: (a) he has twenty-one (21) days to consider this Release (although he may choose to voluntarily execute this Release earlier and if he does he will sign the Consideration Period waiver below); (b) he has seven (7) days following his execution of this Release to revoke the Release; and (c) this Release shall not be effective until the date upon which the revocation period has expired unexercised (the "Effective Date"), which shall be the eighth day after this Release is executed by **CLAIMANT**.]

Excluded from this Release are any claims which cannot be waived by law. **CLAIMANT** is waiving, however, his right to any monetary recovery should any governmental agency or entity, such as the EEOC or the DOL, pursue any claims on his behalf. **CLAIMANT** also acknowledges that (i) the consideration given to his in exchange for the waiver and release in this Agreement is in addition to anything of value to which he was already entitled, and (ii) that he has been paid for all time worked, has received all the leave, leaves of absence and leave benefits and protections for which he is eligible, and has not suffered any on-the-job injury for which he has not already filed a claim. **CLAIMANT** further acknowledges that he has been advised by this writing that: (a) his waiver and release do not apply to any rights or claims that may arise after the execution date of this Release; and (b) he has been advised hereby that he has the right to consult with an attorney prior to executing this Release.

Nothing in this Release is intended to, or shall, interfere with **CLAIMANT**'s rights to pursue administrative remedies under federal, state, or local civil rights or employment discrimination laws, to participate in a proceeding with any appropriate federal, state, or local government agency enforcing discrimination laws, or to cooperate with any such agency in its investigation, none of which shall constitute a breach of the terms of this Release. **CLAIMANT**

shall not, however, be entitled to any relief, recovery, or monies in connection with any such action brought against any of the Released Parties, regardless of who filed or initiated any such complaint, charge, or proceeding.

**CLAIMANT** further agrees not to disparage **CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ**, and **CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ's** directors, attorneys, officers, managers, employees, agents and affiliates, in any manner likely to be harmful to them or their business, business reputation or personal reputation; provided that **CLAIMANT** will respond accurately and fully to any question, inquiry or request for information when required by legal process.

As a material inducement to **CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ's** acceptance of this Release, **CLAIMANT** promises never to file a lawsuit or an administrative claim asserting any claims that are released in the preceding paragraph. If **CLAIMANT** does file a claim or lawsuit based on legal claims released in the preceding paragraph, **CLAIMANT** will pay for all costs incurred by **CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ**, its officers, directors, shareholders, or employees, their successors and assigns, including reasonable attorney's fees, in defending against **CLAIMANT's** claim.

**CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ** enters into this Release to avoid the cost of defending against any possible lawsuit. By joining in this Release, **CAMP NORAT, INC. D/B/A MATT'S LATIN BBQ** does not admit any wrongdoing. If any of the terms or conditions of this Release are found to be illegal or unconscionable by a court of competent jurisdiction, the remaining terms and conditions of this Release shall remain in full force and effect.

In order to ensure that **CLAIMANT** is fully aware of his legal rights and is entering into this Release knowingly and of his own free will:

1.  **CLAIMANT** has read the foregoing Release, understands and comprehends its terms;

2.  **CLAIMANT** has been advised of his right to consult an attorney to review the Release, and has, in fact, had the benefit of an attorney throughout the settlement process;

3.  **CLAIMANT** affirms that nothing has been said to him regarding the extent of legal liability or financial responsibility of any party has induced him to execute this Release;

4.  **CLAIMANT** does not waive any rights or claims that may arise after the Separation date; and,

5.  **CLAIMANT** is receiving consideration beyond anything of value to which he already is entitled.

IN WITNESS WHEREOF, the parties have executed this General Release.

CAMP NORAT, INC. D/B/A MATT'S LATIN
BBQ AND ITS AFFILIATES


_____          _____
MIGUEL ROBLES

1/25/23
_____          _____
Date                                      Date

CONSIDERATION
PERIOD

I, *Miguel Robles*, understand that I have the right to take at least 21 days to consider whether to sign this Release, which I received on *January 26*, 2023. If I elect to sign this Release before 21 days have passed, I understand I am to sign and date below this paragraph to confirm that I knowingly and voluntarily agree to waive the 21-day consideration period.

AGREED:

*Miguel Robles*
_____
Claimant Signature

*1/25/23*
_____
Date

6