# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MIGUEL ROBLES,

        Plaintiff,

v.                                 Case No:   6:22-cv-1418-PGB-LHP

CAMP NORAT INC. and MIGUEL A.
NORAT, JR. ,

        Defendants

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:**   **JOINT MOTION AND MEMORANDUM OF LAW
> FOR APPROVAL OF SETTLEMENT AGREEMENT
> AND DISMISSAL WITH PREJUDICE (Doc. No. 37)**
>
> **FILED:**    **February 22, 2023**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    BACKGROUND.

On August 10, 2022, Plaintiff Miguel Robles instituted this action against

Defendants Camp Norat Inc. and Miguel A. Norat, Jr., alleging failure to pay

overtime wages in violation of the Fair Labor Standards Act ("FLSA").   Doc. No. 1.
On January 10, 2023, the parties notified the Court that they had reached a
settlement.   Doc. No. 32.   And on January 27, 2023, the parties filed a Joint Motion
and Memorandum of Law for Approval of Settlement Agreement and Dismissal
with Prejudice.   Doc. No. 33.   With the joint motion, the parties filed an
unexecuted copy of their Settlement Agreement.   Doc. No. 33-1.   The parties
asked that the Court approve their settlement in accordance with *Lynn's Food Stores,
Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), and dismiss the case in its
entirety with prejudice.   Doc. No. 33.

Upon consideration, the undersigned denied that motion without prejudice
for several reasons, including that (1) the Settlement Agreement was unexecuted;
(2) the Settlement Agreement included several problematic provisions, including a
"no future employment" provision, a non-disparagement clause, a waiver of jury
trial provision, a modification clause, and a waiver of participation in
class/collective action provision; and (3) the parties had entered into a separate
agreement resolving Plaintiff's worker's compensation claim, *see* Doc. No. 35, but
had not provided the agreement to the Court.   Doc. No. 36.   The undersigned
permitted the parties to file a renewed motion addressing these issues.   *Id.* at 5.

On February 22, 2023, the parties timely filed a renewed motion.   Doc. No.
37.   With the renewed motion, they also submit a fully executed copy of their FLSA

Settlement Agreement. *Id.* at 11–15. They further submit several documents related to settlement of the worker's compensation claim. *Id.* at 17–35. The parties again ask that the Court approve their FLSA Settlement Agreement in accordance with *Lynn's Food*, and to dismiss the case with prejudice. *Id.* at 2–3, 9.

The renewed motion has been referred to the undersigned, *see* Doc. No. 4, and the matter is ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims. *Id.* at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.

- The complexity, expense, and likely duration of the litigation.

- The stage of the proceedings and the amount of discovery completed.

- The probability of plaintiff's success on the merits.

- The range of possible recovery.

- The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute.    *Lynn's Food*, 679 F.2d at 1354.    There is a strong presumption in favor of settlement.    *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

When a settlement agreement includes an amount for attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."    *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[2] The parties may demonstrate the reasonableness of the attorneys' fees by either: (1) demonstrating the reasonableness of the proposed attorneys' fees using the lodestar method; or (2) representing that the parties agreed to plaintiff's attorneys' fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim.    *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.    *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

### III.    ANALYSIS.

    *A.    Whether Plaintiff Has Compromised His FLSA Overtime Claim.*

    Pursuant to the FLSA Settlement Agreement, Defendants agree to pay Plaintiff a total of $3,500.00, as follows:

- $250.00 in unpaid wages.

- $250.00 in liquidated damages.

- $3,000.00 in attorneys' fees and costs.

Doc. No. 37, at 11–12 ¶ 4.   In answers to Court Interrogatories, Plaintiff estimated that he was owed $29,655.00 in unpaid wages alone.   Doc. No. 21, at 3.

    Thus, because Plaintiff will receive less under the FLSA Settlement Agreement than the amount that he claimed was owed under the FLSA, Plaintiff has compromised his claim within the meaning of *Lynn's Food*.   *See Bonetti*, 715 F. Supp. 2d at 1226 ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

    *B.    Reasonableness of the Settlement Amount.*

    Because Plaintiff has compromised his FLSA claim, the Court must, under *Lynn's Food*, evaluate whether the settlement amount that he agreed to accept is reasonable.   In the joint motion, the parties explain that based upon the documentation exchanged between the parties, and to avoid the costs and

uncertainty of litigation, they have reached a settlement after several rounds of negotiation.   Doc. No. 37, at 2.   The parties further explain:

> Defendants contend that Plaintiff did not work the claimed hours and that he was lawfully paid for every hour [he] worked.   In this regard, Camp Norat, Inc.'s time and payroll records demonstrate that Plaintiff was paid for all hours worked while working for Camp Norat, Inc. Defendants' position, therefore, is that Plaintiff is not entitled to any back pay.   Although Plaintiff initially believed he worked 20 overtime hours per week, after a thorough review of his time and pay records, Plaintiff agreed to a settlement reflecting a reduced number of hours. Indeed, Plaintiff realized he would have significant difficulty proving the work claimed considering the breadth of Camp Norat, Inc.'s time and pay-keeping records.
>
> . . . .
>
> Plaintiff and Defendants contend and stipulate that in light of the issues in dispute, the amount received by Plaintiff constitutes a fair and reasonable compromise of disputed claims, and they respectfully submit that their settlement should be approved by the Court.   Had the case proceeded through additional discovery, dispositive motions, and, if applicable, trial, it is possible that Plaintiff would have received less, if anything, in damages.   Thus, the Parties contend and stipulate that their settlement advances judicial economy.

Doc. No. 37, at 3, 4.   Both parties were also represented by counsel.   *Id.* at 4.

Because these representations adequately explain the reasons for the compromise of Plaintiff's FLSA overtime claim, I respectfully recommend that the Court find the amount of the compromise reasonable.   *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

C.      *Attorney's Fees and Costs.*

Given that Plaintiff has compromised his FLSA overtime claim, the Court must next consider whether the payment to Plaintiff's counsel is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount that Plaintiff agreed to accept in settlement.   *See Silva*, 307 F. App'x at 351.

Pursuant to the FLSA Settlement Agreement, counsel for Plaintiff will receive a total of $3,000.00 in fees and costs.   Doc. No. 37, at 11–12 ¶ (4)(c).   In the joint motion, the parties state that "fees and costs were negotiated completely separately from Plaintiff's settlement and did not bear any weight on the amounts received by Plaintiff."   *Id.* at 4.   The parties further state that "counsel's fees are reasonable given the time expended, the rates of Plaintiff's counsel, and the potential for protracted litigation," and that "Plaintiff's counsel actually compromised the attorneys' fees incurred in order to resolve this case at this juncture."   *Id.* at 8.

Based on these representations, I recommend that the Court find that the amount of attorneys' fees and costs Plaintiff's counsel will receive is reasonable and does not taint the amount that Plaintiff has agreed to accept for resolution of his FLSA overtime claim.   *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorneys' fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement").

D.     *Other Terms of the Parties' Agreement.*

Upon review, the FLSA Settlement Agreement does not include the problematic provisions concerning no future employment, non-disparagement, waiver of jury trial, modification, and waiver of participation in class/collective action.   Doc. No. 37, at 11–15.   And the release of claims is limited to "Fair Labor Standards Act violations as alleged in [the] Complaint."   *Id.* at 12 ¶ 6.   Given that the release is limited to Plaintiff's FLSA claim in the complaint, the release raises no concerns under *Lynn's Food*.   *See, e.g.*, *Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015) (noting that "a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint").

E.     *Settlement of Worker's Compensation Claim by Separate Agreement.*

The parties notified the Court that they have entered into a separate settlement agreement related to Plaintiff's worker's compensation claim in OJCC Case No. 22-016607NPP.   Doc. No. 35.   That case was handled by different counsel from different law firms for both parties, and the parties state that the settlement in that case "had no bearing and/or influence on the FLSA settlement agreement before this Court."   *Id.* at 1.   *See also* Doc. No. 37, at 17–35 (documents related to settlement of worker's compensation claim).   That settlement was also supported by separate consideration.   Doc. No. 37, at 4–5.   And the worker's compensation

settlement agreement explicitly states that the releases therein "specifically exclude and are not intended to compromise or adversely affect Mr. Robles' pending claim for unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to the FLSA presently pending in the Middle District of Florida in CASE NO.: 6:22-cv-1418-PGB-LHP and/or any claim under the FLSA."   Doc. No. 37, at 19.

Upon consideration, "a review of the separate agreement shows that it does not relate to or involve Plaintiff's FLSA claims.   Therefore, '[b]ecause the parties settled the non-FLSA claims separately, and that settlement does not appear to have affected the settlement terms of the FLSA claim, consideration of the separate settlement is unnecessary.'"   *See Epp v. Pelican Lodge LLC*, No. 6:21-CV-1155-PGB-EJK, 2022 WL 18716685, at *5 (M.D. Fla. Nov. 14, 2022), *report and recommendation adopted by* No. 6:21-cv-1155-PGB-EJK, Doc. No. 47 (Nov. 17, 2022) (quoting *Harrison v. Experis US, Inc.*, No. 3:16-cv-1392-J-25PDB, 2017 WL 11113511, at *5 (M.D. Fla. Aug. 22, 2017)).   *See also Mitukiewicz v. Forness Props., LLC*, No. 6:20-cv-1536-CEM-EJK, 2022 WL 1238575, at *6 (M.D. Fla. Jan. 13, 2022), *report and recommendation adopted*, 2022 WL 1238576 (M.D. Fla. Jan. 31, 2022) (approving FLSA agreement even in light of separate agreement related to non-wage claims, where those claims were settled separately and there was separate consideration); *Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-cv-1583-Orl-36GJK, 2012 WL 1165598, at *3 (Mar. 26, 2012) (recommending approval of FLSA settlement agreement and finding review of

separate settlement agreement resolving state law claim and FLSA retaliation claims unnecessary), *report and recommendation adopted*, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012).

## IV.   RECOMMENDATION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

**1.**   **GRANT** the Joint Motion and Memorandum of Law for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. No. 37);

**2.**   **APPROVE** the parties' FLSA Settlement Agreement (Doc. No. 37, at 11–15);

**3.**   **DISMISS** this case with prejudice; and thereafter

**4.**   **DIRECT** the Clerk of Court to close the file.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.   **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on February 27, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy